UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BERT WISHART,
          Plaintiff,         Civil Action No.: 15-11174
                                      Honorable Mark A. Goldsmith
v.                                      Magistrate Judge Elizabeth A. Stafford

CSI SUPPORT & DEVELOPMENT
SERVICES & SUBSIDIARIES, *et al.*,

          Defendants.
_____/

## ORDER DENYING MOTION TO APPOINT COUNSEL [4] WITHOUT PREJUDICE

Plaintiff Thomas Wishart, moves for appointment of counsel. Wishart filed the instant case against Defendants alleging violations of due process and equal protection, as well as violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. Wishart now seeks appointment of counsel, arguing that he is indigent and seventy-two years old. [4].

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this

2:15-cv-11174-MAG-EAS   Doc # 10   Filed 04/08/15   Pg 2 of 3   Pg ID 36

determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Having reviewed Wishart's case filings to this point, and considering the relevant factors, the Court finds that Wishart does not show exceptional circumstances that merit the appointment of counsel at this juncture. Age and indigence alone are insufficient reasons to appoint counsel. Further, the sufficiency of Wishart's claims has not yet been tested, and there is at least some reason to believe they may not survive a motion to dismiss. For these reasons, Wishart's motion to appoint counsel **[4]** is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: April 8, 2015         s/Elizabeth A. Stafford
Detroit, Michigan            ELIZABETH A. STAFFORD
                             United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2015.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager