UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BERT WISHART,

        Plaintiff,        Civil Action No.: 15-11174
                                   Honorable Mark A. Goldsmith
v.                                      Magistrate Judge Elizabeth A. Stafford

CSI SUPPORT &
DEVELOPMENT SERVICES &
SUBSIDIARIES,
a Michigan Corporation, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS [R. 15, 18]

Plaintiff Thomas Wishart, proceeding *pro se*, brings this case against defendant CSI Support & Development Services ("CSI"), its subsidiaries, and several of its individual employees, alleging violations of the Civil Rights Act in connection with Wishart's recertification for a low-income housing subsidy and his subsequent eviction from his place of residence. Defendant Kathleen Sucaet has filed a motion to dismiss and the other defendants have filed a joint motion to dismiss. Both motions make the same arguments. Because Wishart has not stated a claim upon which relief could be granted, and because allowing him to amend his complaint would be futile, the Court **RECOMMENDS** that Defendants' motions to

dismiss **[R. 15, 18]** be **GRANTED**.

**I.     BACKGROUND**

Wishart is a former resident of a federally subsidized housing complex managed by CSI.  In 2012, he completed the income recertification process, omitting income of $30-40 a week that he received as a part-time home chore provider.  In September, he received a letter from defendant Sucaet that his recertification was complete and informing him of his new rent amount.  She also included Housing and Urban Development ("HUD") forms for Wishart's signature "in order to receive your subsidy portion of the rent."  [R. 1, PgID 3].

Approximately one month later, defendant Eva Strzelewicz sent Wishart a letter stating that, during recertification, it was discovered that Wishart had received unreported income of more than $200 a month dating back to July 2011.  The letter stated that adjustments in rent had been made as a result and that Wishart owed a balance of $1826.00.

Wishart disputed that the money he received for his employment was over $200 a month (the reporting threshold), and filed a fraud claim in state court against his employer.  In the interim, he received repayment notices from Defendants regarding the outstanding balance.  In January 2013 Wishart "reluctantly" signed a repayment agreement, and he included the

words "with extreme prejudice" above the signature line. [R. 1, PgID 5].

Wishart made three $69 payments in January, February and March 2013. In April, he filed a housing discrimination complaint with HUD. He alleges that a state civil rights investigator on the case subsequently asked Defendants to stop requesting payment on the balance, as the validity of the debt was in dispute.

In June 2013,[1] Wishart decided to stop paying rent in order to "prove retaliatory eviction." [R. 1, PgID 7]. He was haled into state court in September 2013 and a judgment of possession was entered for the apartment. Wishart was ordered to either move out by October 1, 2013, or pay $2014.00. Wishart timely moved out and was then sent a bill for $1,942.00 from a debt collection agency on behalf of CSI. He offers documents showing that his eviction, as recorded by CSI, was categorized as being for a reason other than non-payment of rent, although he does not explain the significance of this.

Wishart filed a complaint in this Court alleging that Defendants' acts were the result of a conspiracy among them, including CSI's employees and the attorneys who represented them in state court, in violation of several criminal provisions of the Civil Rights Act of 1964 (18 U.S.C. § 241,

---

[1] Wishart's complaint states the date as June 2012, but the Court assumes this to be a clerical error based on the timing of other events in this case.

3

18 USC § 242 and 18 U.S.C. § 245) as well as "18 U.S.C. § 3631," a statute that does not exist. Defendants now move to dismiss, in part, based on Wishart's failure to state a claim.[2]

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether a plaintiff has set forth a "plausible" claim, the

---

[2] Defendants alternatively move to dismiss the complaint against all individual defendants based on ineffective service of process. However, the Court was responsible for serving Defendants through the Marshal Service and Wishart's complaint fails to state a claim for relief, so the Court will not address this argument.

4

Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court is not required to "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Indeed, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

### III.  ANALYSIS

Here, Wishart's allegations fail to state a claim for relief. First, as Defendants rightly point out, Wishart has no private right of action to enforce criminal statutes, and thus his claims under 18 U.S.C. §§ 241, 242 and 245 fail as a matter of law. Although 18 U.S.C. § 3631 does not exist, Wishart's response raises the inference that he is seeking to make a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*. [R. 16, PgID

5

78]. Section 3613 of that Act, cited by Wishart in his response, permits private enforcement of its provisions. [*Id.*]. Wishart argues that the Court should allow him to amend his complaint to state such a claim.

Under Federal Rule of Civil Procedure 15, leave to amend should be freely given when justice so requires. However, a court should not permit amendment where it "would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Here, amendment would be futile, as neither Wishart's complaint nor his motion responses allege viable claims under the FHA, which prohibits discrimination in housing on the basis of race, color, religion, sex, familial status, national origin or handicap. 42 U.S.C. § 3604(a)-(e); *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 537 (6th Cir. 2014). Wishart makes no allegation that the actions taken against him were the result of any such discrimination, and thus has failed to state a Fair Housing Act violation. Additionally, although his complaint to HUD (attached to his motion response) does claim that the alleged violations occurred because of his "handicap," [R. 16, PgID 89], neither his complaint

6

nor his response makes any mention of a handicap or offer a causal connection between Defendants' actions and that alleged handicap.

For these reasons, Wishart's complaint and proposed amendment to include an FHA claim fail to state a claim for relief, and Defendants' respective motions to dismiss should be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING** Defendants' motions to dismiss. **[R. 15, 18].**

Dated: September 29, 2015  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
 United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

7

might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2015.

                                         s/Marlena Williams
                                         MARLENA WILLIAMS
                                         Case Manager